UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3558-PSG-KK | Date | July 20, 2015 |
|---|---|---|---|
| Title | Jennifer Anne Chill v. Kimberly Hughes | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** (In Chambers) Order Directing Petitioner to File Response Regarding Exhaustion and Denying Respondent's Motion to Dismiss Without Prejudice as Moot [Dkt. 11]

On May 12, 2015, Jennifer Anne Chill ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), pursuant to 28 U.S.C. § 2254. (ECF Docket No. ("dkt.") 1). In the Petition, Petitioner challenges her November 2011 convictions in San Luis Obispo County Superior Court for: (1) vehicular manslaughter while intoxicated, in violation of California Penal Code section 191.5(b); (2) driving under the influence of alcohol causing injury, in violation of California Penal Code section 23153(a); and (3) driving with a .08 percent blood alcohol level causing injury, in violation of California Vehicle Code section 23153(b). (Id.). Petitioner sets forth four grounds for habeas relief: (1) instructional error ("Claim One"); (2) error in response to the jury's question by the trial court ("Claim Two"); (3) insufficiency of the evidence ("Claim Three"); (4) cumulative error ("Claim Four"). (Id.). Respondent has filed a Motion to Dismiss the Petition, contending Claim Two is unexhausted. (Dkt. 11). The Court herein denies Respondent's Motion to Dismiss without prejudice as moot and orders Petitioner to file a response regarding exhaustion.

A state prisoner must exhaust her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3558-PSG-KK | Date | July 20, 2015 |
|---|---|---|---|
| Title | Jennifer Anne Chill v. Kimberly Hughes | | |

For a petitioner in California state custody, this generally means the petitioner must have fairly presented her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Here, Claim Two does not appear to have been fairly presented to the California Supreme Court in Petitioner's Petition for Review on appeal—her only filing in the California Supreme Court. See Lodged Document No. 5.[1] While Petitioner did raise the underlying facts of Claim Two in her Petition for Review—i.e. the trial court's error in responding to a question by the jury—Petitioner did not identify the "federal legal basis" underlying this claim. See id. at 13-16. As an initial matter, Petitioner identified no federal constitutional provision supporting the claim. Petitioner cited various sources of state law, including: (1) California Penal Code section 1138; (2) People v. Watson, 46 Cal.2d 818, 836 (1956); (3) People v. Eid, 187 Cal. App. 4th 859, 882 (Cal. Ct. App. 2010); (4) People v. Blakeley, 23 Cal.4th 82, 99 (2000). Lodged Document No. 5 at 14-15. Petitioner also cited three federal court cases: (1) United States v. Anekwu, 695 F.3d 967, 986 (9th Cir. 2012); and (2) United States v. Frega, 179 F.3d 793, 809 (9th Cir. 1999); and (3) Bollenbach v. United States, 324 U.S. 837, 65 S. Ct. 915, 89 L. Ed. 1401 (1945). Lodged Document No. 5 at 15. None of these authorities—either state or federal—indicated Petitioner's claim was of a federal constitutional nature. In particular, the federal authorities cited merely discussed a trial judge's duty to answer questions from the jury, without specifying whether this duty arose from any federal constitutional provision. Under these circumstances, Petitioner does not appear to have fairly presented Claim Two before the California Supreme Court. See Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (holding that, to properly exhaust claims in state court, "the petitioner must have either referenced specific provisions of the federal constitution or

---

[1] The Court's citations to lodged documents refer to the documents regarding Petitioner's state court proceedings lodged with the Court by Respondent. (Dkt. 12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3558-PSG-KK | Date | July 20, 2015 |
|---|---|---|---|
| Title | Jennifer Anne Chill v. Kimberly Hughes | | |

cited to federal or state cases involving the legal standard for a federal constitutional violation").

Therefore, it appears from the record now before the Court that the instant Petition is subject to dismissal as a mixed petition because Petitioner has not exhausted her state remedies in regard to Claim Two. However, before deciding this matter, the Court will first give Petitioner an opportunity to address the exhaustion issue by electing any of the following five options:

### Option 1:

If Petitioner contends she has in fact exhausted her state court remedies on Claim Two, she should clearly explain this in a response to this Order. Petitioner should attach to her response copies of any documents establishing that Claim Two is indeed exhausted. (Petitioner may also file a response, and include a notice that, if the court still finds the petition to be mixed, she alternatively selects one of the other options discussed below.)

### Option 2:

Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in subsequent habeas petitions, those claims may be time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).

### Option 3:

Petitioner may request a voluntary dismissal of only her unexhausted claim (Claim Two), and elect to proceed on only her exhausted claims. **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The Court advises Petitioner, however, that if she elects to proceed now with only her exhausted claims, any future habeas petition containing Claim Two or other claims that could have been raised in the instant Petition may be rejected as successive (or may be time-barred).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3558-PSG-KK | Date | July 20, 2015 |
|---|---|---|---|
| Title | Jennifer Anne Chill v. Kimberly Hughes | | |

**Option 4:**

Pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), Petitioner may ask the Court to stay all of the claims in a mixed petition while she returns to the state courts to exhaust her already pled but unexhausted claim. To obtain a stay of this case pursuant to Rhines, Petitioner is required to: (a) show good cause for her failure to exhaust Claim Two in state court earlier; and (b) show that Claim Two is not "plainly meritless." See id. at 277. (Petitioner also may request a Rhines stay, and include a notice that, if the Court denies the Rhines stay, she alternatively selects one of the other options.)

**Option 5:**

Pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), Petitioner may dismiss Claim Two and ask the Court to stay her remaining, fully exhausted claims while she returns to the state courts to exhaust Claim Two. The Court advises Petitioner, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend h[er] unexhausted claims back into h[er] federal petition once [s]he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). (Petitioner also may request a Kelly stay, and include a notice that, if the Court denies the Kelly stay, she alternatively selects one of the other options.)

**Caution:** Petitioner is cautioned that if she requests a stay and the Court denies the request for a stay, or if Petitioner contends that she has in fact exhausted her state court remedies on Claim Two and the Court disagrees, the Court may recommend the Petition be dismissed as a mixed petition. Accordingly, as noted above, Petitioner may select options in the alternative.

**Summary:** In sum, in order to select Option 1, Petitioner must file a response to this Order showing Claim Two is exhausted. In order to select Options 2 or 3, Petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3558-PSG-KK | Date | July 20, 2015 |
|---|---|---|---|
| Title | Jennifer Anne Chill v. Kimberly Hughes | | |

may file the attached Notice of Dismissal form and fill it out according to her choice.  In order to select Options 4 or 5, Petitioner must file a written response requesting a stay pursuant to either <u>Rhines</u> or <u>Kelly</u>.  With Options 1, 4, or 5, Petitioner may select an alternative option in the event the Court finds Claim Two unexhausted and/or denies the request for a stay.  Whichever option Petitioner selects, Petitioner must file and serve the responding document clearly stating the option selected *no later than August 3, 2015*.

   IT IS THEREFORE ORDERED:

1. **By August 3, 2015,** Petitioner is ordered to respond to this Order by electing any of the five options presented above.  **The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice as a mixed petition, for failure to prosecute, and/or for failure to obey court orders.**

2. Respondent's Motion to Dismiss the Petition is **DENIED** as moot.